11-4062
Kleinser v. S.E.C.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand thirteen.**

**PRESENT:**
> Robert A. Katzmann,
> > *Chief Judge,*
> Dennis Jacobs,
> Susan L. Carney,
> > *Circuit Judges.*

---

Dale Kleinser, FCS Securities,

> *Petitioners,*

> v.                                                                              11-4062

Securities and Exchange Commission,

> *Respondent.*

---

FOR PETITIONERS**:**          Dale Kleinser, *pro se*, New York, NY.

FOR APPELLEES**:**            Stephen G. Yoder, United States Securities and Exchange
                              Commission, Washington D.C.

Petition for review of a decision of the Securities and Exchange Commission ("SEC").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Dale Kleinser, proceeding *pro se*, and FCS Securities ("FCS"), a company in which Kleinser is the sole proprietor,[1] seek review of an order of the SEC sustaining sanctions that the Financial Industry Regulatory Authority ("FINRA") imposed against Petitioners for failure to file audited financial statements for fiscal years 2006 and 2007, as required by 15 U.S.C. § 78q(e) and SEC Rule 17a-5. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We will affirm the factual findings of the SEC so long as they are supported by substantial evidence. *See Markowski v. SEC*, 34 F.3d 99, 104 (2d Cir. 1994). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support [the agency's] conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The fact that two or more possible competing inferences may be drawn from the facts "does not prevent an administrative agency's finding from being supported by substantial evidence." *Ill. Cent. R.R. v. Norfolk & W. Ry.*, 385 U.S. 57, 69 (1966) (quoting *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966)).

When reviewing the SEC's conclusions of law, we apply the arbitrary and capricious standard set forth in the Administrative Procedure Act, which provides that a

---

[1] Because the SEC has not objected to allowing FCS to proceed *pro se* through Kleinser and we have recognized that at least some courts allow it, we will allow FCS to appear *pro se* through Kleinser. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[S]ome courts allow sole proprietorships to proceed *pro se*, . . . [under the reasoning that] a sole proprietorship has no legal existence apart from its owner.").

reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  Agency action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n  v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  We review the SEC's decision to sustain the sanctions imposed by a self-regulatory organization, such as FINRA, for abuse of discretion, overturning them only if they are "unwarranted in law [or] without justification in fact." *McCarthy v. SEC*, 406 F.3d 179, 188 (2d Cir. 2005).

The Securities Exchange Act of 1934 ("Exchange Act"), which governs the regulation of broker-dealer firms, requires broker-dealers to register with the SEC and maintain a membership with a self-regulatory organization, which includes the national securities exchanges and, as relevant here, FINRA.  15 U.S.C. § 78o(a), (b)(8).  Section 17 of the Exchange Act imposes various reporting and record-retention requirements on licensed brokers or dealers and broker-dealer firms and requires that every registered broker or dealer submit audited financial statements on an annual basis.  *Id*. § 78q(e)(1)(A). The SEC may exempt any registered broker-dealer from this requirement, so long as the exemption is "consistent with the public interest and the protection of investors."  *Id*. § 78q(e)(1)(C).  Pursuant to 15 U.S.C. § 78q(e)(1)(C), the SEC has promulgated a rule ("the Exemption"), exempting from the auditing requirement any registered firm whose "securities business has been limited to buying and selling evidences of indebtedness

3

secured by mortgage, deed or trust, or other lien upon real estate or leasehold interests, [if] said broker or dealer has not carried any margin account, credit balance, or security for any securities customer." SEC Rule 17a-5(e)(1)(i)(B); 17 C.F.R. § 240.17a-5(e)(1)(i). The entity seeking the Exemption bears the burden of proving its entitlement to the Exemption. 17 C.F.R. § 240.17a-5(e)(1)(ii).

It is undisputed that FCS is registered with FINRA, and would be required to submit audited financial statements annually unless it qualifies for the Exemption. It is also undisputed that, relying on the Exemption, FCS did not submit audited financial statements for the years 2006 and 2007. Therefore, the only issues for our consideration are whether the SEC had substantial evidence to support its finding that FCS's transactions in 2006 and 2007 did not allow it to qualify for the Exemption and whether the sanctions imposed were an abuse of discretion. We affirm for substantially the reasons stated by the SEC in its thorough and well-reasoned order.

Upon review of the record, we find that the SEC properly rejected Petitioners' claim that FCS's transactions in 2006-2007 were "limited to buying and selling evidences of indebtedness secured by mortgage, deed or trust, or other lien upon real estate or leasehold interests" as the Exemption requires. First, the record contains substantial evidence to support the SEC's finding that the 2006 and 2007 transactions were "sham transactions," J. App'x at 272, and therefore did not, as Petitioners claim, entitle FCS to the Exemption. The 2006 transactions involved the alleged sale of interest in a promissory note from Kleinser's parents (who in fact held no individual interest in the note) to FCS Ventures ("Ventures"), another company of which Kleinser was the sole proprietor.

4

Ventures, in turn, sold the interest in the note to Kleinser and Kleinser's friend. The 2007 transactions essentially reversed the 2006 transactions. In considering Kleinser's claim to the Exemption, the SEC correctly observed that the initial sellers in the 2006 transaction did not own what they were selling and the end-purchasers gave no consideration for what they received. Likewise, in the 2007 transaction, the entities that sold the note did not own what they were selling, and did not receive any consideration in exchange for the purported sale. Moreover, Kleinser admitted that the identity of the holder of the notes did not change during the transactions at issue. In short, the SEC had a sound basis for finding that the transactions simply "lacked any economic reality." J. App'x at 272.

The SEC also had reason to conclude that, even if the 2006 and 2007 transactions had been purchases and sales of securities within the meaning of the Exemption, FCS would still not qualify for the Exemption because there was no evidence that FCS had any role in "buying or selling" those securities. 17 C.F.R. § 240.17a-5(e)(1)(i).[2] Furthermore, as the SEC pointed out, FCS is not permitted to broker the buying or selling of securities since it is only registered to perform investment advisory services. J. App'x at 75-76.[3]

Finally, we reject Petitioners' argument that they were deprived of due process by, *inter alia*, the denial of the request to submit additional evidence, the fact that the SEC did

---

[2] FINRA also found that the note, which is secured by a mortgage on a home, was not a security within the meaning of the Exemption. However, because the SEC did not rule on that ground, we decline to do so.

[3] While there is no evidence of FCS brokering the transactions, there is some evidence that FCS provided investment advisory services. Therefore, even if these transactions were genuine and FCS had some role in brokering them, it does not appear that FCS would qualify for the Exemption because its involvement would not be "limited to buying and selling." 17 C.F.R. § 240.17a-5(e)(1)(i).

5

not send a "no action" letter prior to the commencement of FINRA disciplinary proceedings, and the nature of the sanctions imposed. In this case, FINRA and the SEC provided FCS notice of its obligations and many opportunities to respond. Prior to initiating the disciplinary action at issue in this case, FINRA and the SEC communicated with Kleinser numerous times since 2005, explaining first how the Exemption works, subsequently that the transactions did not entitle FCS to the Exemption, and finally that failure to file audited financial statements could result in disciplinary action. The fact that neither FINRA nor the SEC could provide what Kleinser wanted—genuine entitlement to the Exemption—is not a deprivation of due process. We find Kleinser's other arguments about procedural deficiencies to be without merit. To the extent that Petitioners challenge the sanctions imposed, we affirm those sanctions, because the fine is in fact lower than the bottom of the recommended range and, in light of the foregoing, the sanctions are not "unwarranted in law" or "without justification in fact." *McCarthy*, 406 F.3d at 188.

For the foregoing reasons, the petition for review is hereby **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk